UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| JEREMY MCKENZIE, on Behalf of Himself and on Behalf of All Others Similarly Situated<br><br>Plaintiff,<br><br>V.<br><br>SHARP OILFIELD SERVICES, LLC,<br><br>Defendant. | §§§§§§§§§§§§§§<br><br>CIVIL ACTION NO. 7:20-cv-00061 |

### PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

1.  Defendant Sharp Oilfield Services, LLC ("Defendant") required Plaintiff Jeremy McKenzie ("Plaintiff") to work more than forty hours in a workweek. Unfortunately, Defendant failed to compensate Plaintiff at the rate of time and one half his regular rate of pay for all hours worked over forty in a workweek.

2.  Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "Class Members." Plaintiff and the Class Members seek to recover their unpaid overtime wages, liquidate damages, expenses, costs of court, and pre and post judgment interest.

1

## SUBJECT MATTER JURISDICTION AND VENUE

3.  This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.  Venue is proper in this District because a substantial portion of the events forming the basis of this suit occurred in this District. Plaintiff performed duties for Defendant in this District, worked more than 40 hours in this District, and was denied overtime wages in this District.

## PARTIES AND PERSONAL JURISDICTION

5.  Plaintiff Jeremy McKenzie is an individual residing in Gainesville, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A." Plaintiff performed work for Defendant within the last three years.

6.  The Class Members are all current and former field technicians employed by Defendant at any time during the three-year period before the filing of this Complaint.

7.  Defendant Sharp Oilfield Services, LLC is a Texas company. Defendant may be served process through its registered agent, Andrew A Wright at 2616 South Loop West, Suite 432, Houston, TX 77054.

## COVERAGE

8.  At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

9.  At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

10. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

11. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

12. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

## FACTS

13. Defendant operates in the oil and gas industry and provides "preventative maintenance, rig services, and hot shot services." (https://sharpoilfieldservices.com/services/, last visited March 11, 2020). The purpose of Defendant's operations is to keep oilfield equipment "running efficiently and safely" *Id*.

14. To provide its services, Defendant employs hundreds of workers nationwide as field technicians. The field technicians perform maintenance and repairs on oilfield equipment. They perform manual labor tasks and use various hand tools to fix, repair, and maintain mechanical equipment.

15. Defendant pays the field technicians on a piece rate basis depending upon the number of pieces of equipment that were repaired. That is, the field technicians' pay was based upon the amount of equipment that was repaired.

16. Plaintiff worked for Defendant as a field technician from approximately March 2018 to February 2020 in Odessa, Texas.

17. Plaintiff performed maintenance and repair on oilfield equipment.

18. Defendant paid Plaintiff on a piece rate basis.

19. Unfortunately, when Plaintiff worked more than 40 hours in a week, he was not paid the rate of time and one-half of his hourly rate of pay for all hours worked over 40. In fact,

Plaintiff was paid only his hourly rate (without the half-time premium) for certain hours worked over 40.

20. Under 29 C.F.R. § 778.111, overtime is to be calculated as follows:

> When an employee is employed on a piece-rate basis, the regular hourly rate of pay is computed by adding together total earnings for the workweek from piece rates and all other sources (such as production bonuses) and any sums paid for waiting time or other hours worked (except statutory exclusions). This sum is then divided by the number of hours worked in the week for which such compensation was paid, to yield the pieceworker's "regular rate" for that week. **For overtime work the pieceworker is entitled to be paid, in addition to the total weekly earnings at this regular rate for all hours worked, a sum equivalent to one-half this regular rate of pay multiplied by the number of hours worked in excess of 40 in the week.**

*Id*. (emphasis added).

21. Plaintiff was not paid the overtime specified in section 778.111.

22. Like Plaintiff, Defendant paid the Class Members on a piece rate basis.

23. Like Plaintiff, Defendant did not pay the Class Members overtime pay.

24. Plaintiff regularly worked more than 40 hours in a week. In fact, Plaintiff commonly worked at least 12 hours during the majority of days that he worked for Defendant. As a result, Plaintiff frequently worked in excess of 60 hours per week.

25. Plaintiff's schedule was similar to the schedule of the Class Members. The Class Members also regularly worked more than 40 hours in a workweek.

26. Like Plaintiff, the Class Members regularly worked more than 40 hours each week and were not paid overtime at the rate of time and one half their regular rates of pay for all hours worked over 40.

27. The Plaintiff and Class Members were not exempt from the overtime requirements of the FLSA.

28. None of the white collar exemptions found in 29 U.S.C. § 213(a)(1) are applicable

to the Plaintiff and the Class Members because they were not paid on a "salary" basis or "fee" basis as required under in 29 U.S.C. § 213(a)(1).

29. Instead, Plaintiff and the Class Members were paid on a piece rate basis.

30. Defendant's method of paying Plaintiff and the Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA. Defendant's misclassification was not by accident, but a well thought out scheme to reduce their labor costs. Defendant knew the requirement to pay overtime to its employees, but intentionally and/or recklessly chose not to do so. Accordingly, Defendant's violations of the FLSA were willful.

## **CAUSE OF ACTION**

VIOLATION OF THE FAIR LABOR STANDARDS ACT
FAILURE TO PAY OVERTIME

31. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

32. This count arises from Defendant's violation of the FLSA for its failure to pay Plaintiff and Class Members overtime compensation.

33. The FLSA requires that covered employees be compensated for all hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

34. Defendant's compensation scheme applicable to Plaintiff and the Class Members failed to comply with 29 U.S.C. § 207(a)(1).

35. Defendant knowingly failed to compensate Plaintiff and the Class Members at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a)(1).

36. During all relevant times, Plaintiff and the Class Members were covered employees entitled to the above-described FLSA protections.

37. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COLLECTIVE ACTION ALLEGATIONS

38. As part of its regular business practices, Defendant has engaged in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

39. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all field technicians employed by Defendant at any time during the three-year period before the filing of this Complaint.

40. Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

41. Plaintiff has actual knowledge, through observations of and conversations with his co-workers, that a class of similarly situated Class Members exists who have been subjected to Defendant's policy of not paying the overtime rate for all hours worked over forty. Plaintiff worked with other employees at multiple locations for Defendant.

42. The Class Members are similarly situated to Plaintiff in that they all performed similar duties, were paid in a similar manner, and were denied overtime pay.

43. Defendant's failure to pay overtime at the rates required by the FLSA results from generally applicable policies or practices and does not depend on personal circumstances of individual Class Members.

44. The experience of Plaintiff, with respect to his employment classification and pay, is typical of other workers across Defendant's business.

45. The specific job titles or precise job responsibilities of each Class Member does not foreclose collective treatment because liability in this case relates to Defendant's decision to pay its employees on a day rate without overtime.

46. Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

47. Class Members are not exempt from receiving overtime pay under the FLSA.

48. Like Plaintiff, all Class Members, irrespective of their particular job requirements, are entitled to receive overtime compensation for hours worked in excess of forty during a workweek.

49. The names and addresses of the Class Members are available from Defendant's records. To the extent required by law, notice will be provided to these individuals by first class mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

50. Although the exact amount of damages may vary among the individual Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

51. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

52. As such, the class of similarly situated employees is properly defined as follows:

**All of Defendant's current and former field technicians employed by Defendant at any time during the three-year period before the filing of this Complaint.**

## WAGE DAMAGES SOUGHT

53. Plaintiff and Class Members are entitled to recover their unpaid overtime premiums for the three years preceding the filing of this complaint to the present. 29 U.S.C. § 216(b).

54. Plaintiff and Class Members are entitled to recover an equal amount of their unpaid overtime premiums as liquidated damages.  29 U.S.C. § 216(b).

55. Plaintiff is also entitled to recover his attorney's fees and costs, as required by the FLSA.  29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

56. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   a. Overtime compensation for all hours worked in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

   b. An equal amount of their unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

   c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

   d. Pre and post judgment interest; and

   e. Such other and further relief to which Plaintiff and Class Members may be entitled, both at law or in equity.

Respectfully submitted,

HODGES & FOTY, L.L.P.

By:   /s/ Don J. Foty
      Don J. Foty
      dfoty@hftrialfirm.com
      Texas State Bar No. 24050022
      4409 Montrose Blvd., Suite 200
      Houston, TX 77006
      Telephone: (713) 523-0001
      Facsimile: (713) 523-1116

ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS